UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JEFFREY C. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-411 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On August 23, 2011, defendant filed a motion for summary judgment requesting dismissal of plaintiff's complaint for failure to file this lawsuit within sixty days after his receipt of the Appeals Council's decision. (docket # 5). Plaintiff elected not to file a response. Upon review, I recommend that defendant's motion for summary judgment be granted and that a judgment be entered in defendant's favor.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Synbrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557 (6th Cir. 2009). The standard for determining whether summary judgment is appropriate is "whether 'the

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008). Although plaintiff elected not to file a response to defendant's motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine the movant's summary judgment motion to ensure that defendant has discharged his burden. FED. R. CIV. P. 56(e)(3).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence

sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Reed v. International Union, United Aerospace & Agric. Implement Workers of Am.*, 569 F.3d 576, 579 (6th Cir. 2009).

Where, however, a moving party with the burden of proof seeks summary judgment, he faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  As shown above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial.  "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The United States Court of Appeals for the Sixth Circuit has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056 (same).  Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).  This higher standard applies to defendant's

motion for summary judgment because the 60-day time limit within which to file a complaint is an affirmative defense. *See Bowen v. New York*, 476 U.S. 467, 478 (1986).

### **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff filed his applications for DIB and SSI benefits on April 4, 2008. His claims were denied on initial review. On March 23, 2010, plaintiff received a hearing before an administrative law judge (ALJ). On April 6, 2010, the ALJ issued a decision denying plaintiff's applications for DIB and SSI benefits. (docket # 6-1 at ID#s 28-39). On August 27, 2010, the Appeals Council mailed plaintiff a notice of its denial of plaintiff's request for review of the ALJ's decision. (*Id.* at ID#s 26, 40-42). The notice advised plaintiff that he had sixty days within which to file a civil action. (*Id.* at ID# 41). The notice stated, "The 60 days start the day after you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (*Id.*). Plaintiff did not submit evidence regarding the date he actually received the Appeals Council's notice. He filed his complaint on April 21, 2011.

### **Discussion**

Section 205(g) of the Social Security Act creates a right to district court review of final decisions of the Commissioner by a civil action "commenced within sixty days after the mailing to [the plaintiff] of notice of such decision or within such further time as the Commissioner

may allow." 42 U.S.C. § 405(g). "Although § 405(g)[1] uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook v. Commissioner*, 480 F.3d 432, 436 (6th Cir. 2007) (citing 20 C.F.R. § 422.210(c)). The Sixth Circuit recognizes that "the date for filing a Social Security complaint runs from the date that the applicant receives the SSA's denial notice, not from the date of mailing." *Cook*, 480 F.3d at 436. Plaintiff's date of receipt of the notice is presumed to be five days after mailing. *Id.*; *see* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). Plaintiff did not file any evidence rebutting the presumption that he received the Appeals Council's notice on September 1, 2010. Therefore, plaintiff was required to file this lawsuit no later than November 1, 2010. Plaintiff did not file his complaint until April 21, 2011. Plaintiff's complaint is time-barred.

## Recommended Disposition

I recommend that defendant's motion for summary judgment (docket # 5) be granted, and that judgment be entered in favor of the defendant.

Dated:   October 25, 2011          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).

---

[1] Section 1383(c)(3) incorporates section 405(g)'s review provisions. 42 U.S.C. § 1383(c)(3); *see Melkonyan v. Sullivan*, 501 U.S. 89, 92 (1991).